**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JODI A. BOURG,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>AETNA INC.; AETNA GLOBAL BENEFITS; AETNA INTERNATIONAL INC; and DOES 1-100,<br><br>    Defendants – Appellees. | No. 13-16682<br><br>D.C. No. 1:13-cv-00955-LJO-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court

for the Eastern District of California

Lawrence J. O'Neill, District Judge Presiding

Argued and Submitted November 17, 2015

San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges and MORRIS,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Plaintiff Jodi Bourg ("Bourg") brought an action on February 22, 2011, for wrongful termination in violation of public policy and breach of contract against Defendants Aetna Inc., Aetna Global Benefits, Aetna International and Does 1-100 (collectively "Aetna"). Aetna brought a motion for summary judgment, and, in the alternative, sought enforcement of the arbitration agreement signed by both parties. The district court granted Aetna's summary judgment motion based on Bourg's failure to file her complaint within the two-year statute of limitations set forth under California law. The district court also denied as moot the motion to compel arbitration. Bourg appeals the district court decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

We review de novo a grant of summary judgment. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). The district court properly determined that Bourg's cause of action accrued on February 6, 2011. A cause of action accrues when "the last element essential to the cause of action" occurs. *Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 23 P.3d 601, 604 (Cal. 2001). The California Supreme Court has determined that a cause of action for wrongful discharge in violation of public policy accrues at the termination of employment. *Romano v. Rockwell International, Inc.*, 926 P.2d 1114, 1128 (Cal. 1996). The cause of action

2

does not accrue when the employee simply has been notified of inevitable termination. *Id.*

Aetna told Bourg on February 2, 2011, that Aetna would terminate Bourg from her position as AGB Account Manager. Bourg also received, on the same day, a written memorandum ("the memo") from Aetna. The memo explains that February 6, 2011, would be Bourg's "last day of service." The memo stated that Aetna intended this action to be permanent. The memo explains Bourg's right to salary continuation and severance pay. The memo provides that Bourg's salary continuation period would end on April 10, 2011. The memo finally lists Bourg's "Employment Termination Date" as April 11, 2011, the day after Bourg's salary continuation period had expired.

The memo, coupled with Bourg's actions, indicates that Bourg understood that Aenta had terminated her position before April 11, 2011. Bourg filed a discrimination complaint with the California Department of Fair Employment and Housing ("DFEH") on March 15, 2011. Bourg's DFEH complaint stated that "on or about or before 2/04/2011" she was laid off, denied employment, and denied accommodation by Aetna, Inc. because of age, disability and medical condition. Bourg further stated that she believed Aetna "let [her] go in a veiled attempt to hide behind a 'company layoff.'" Bourg's admission in the DFEH claim and the fact that Bourg did not return to work after having received the memo demonstrate

3

that Bourg had received notice of her termination and understood that she no longer had a position with Aetna.

## II.

We review for abuse of discretion a trial court's decision regarding docket management. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008). Bourg relies on judicial estoppel to argue that the district court wrongly granted summary judgment to Aetna. Courts should limit the doctrine's application to "egregious circumstances" where the positions seem "totally inconsistent." *Minish v. Hanuman Fellowship*, 154 Cal. Rptr. 3d 87, 96-97 (Cal. App. 6th Dist. 2013). Aetna requested that the district court consider the motion to compel arbitration only if the court denied summary judgment. The district court granted summary judgment. The district court did not abuse its discretion when it addressed summary judgment before considering Aetna's alternative motion.

**AFFIRMED.**